**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>MARYLAND DEPARTMENT OF<br>STATE POLICE,<br><br>     Defendant. | Case No. 1:24-cv-2862 |

## NOTICE OF VOLUNTARY DISMISSAL

Plaintiff United States of America hereby dismisses the above-captioned case pursuant to Federal Rule of Civil Procedure 41(a)(1). The United States has determined not to proceed further in this matter. "Eliminating racial discrimination means eliminating all of it." *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181, 206 (2023). The United States no longer seeks relief that would require Maryland Department of State Police to prioritize candidates for police officers based in any way on race.

"[P]laintiffs may voluntarily dismiss their claims without a court order." *Frank v. Gaos*, 586 U.S. 485, 492 (2019) (citing Fed. R. Civ. P. 41(a)(1)(A)). Indeed, a plaintiff's voluntary dismissal of a case under Rule 41(a)(1)(A)(i) before the defendant either files an answer or moves for summary judgment is "self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Marex*

1

*Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)

(collecting authorities). The plaintiff's notice of voluntary dismissal "itself closes the

file"; nothing is required from the court and there is "nothing the defendant can do to fan

the ashes of that action into life." *Id.* at 546 n.2 (citation omitted). Indeed, the district

court is divested of jurisdiction in the case after the plaintiff's filing of a notice of

voluntary dismissal—the case cannot be reopened and no party can intervene. *See Emory

v. Lowe's Home Ctrs., LLC*, No. 7:20-cv-629, 2021 WL 5361834, at *1 (D.S.C. Jan. 21,

2021) (collecting Fourth Circuit authorities).

Under Rule 41(a)(1)(A)(i)'s plain terms, the only two things that can prevent a

plaintiff's voluntary dismissal without a court order are a defendant's service of either an

answer or a motion for summary judgment. This plain text controls. *See Marex Titanic*,

2 F.3d at 547 & n.6. It therefore does not matter if the parties or the court has expended

time and effort to address other filings in a case, or if the court has begun considering the

evidence in the case. *See id.* at 547 & n.5.

Here, Defendant Maryland Department of State Police has not served the United

States with either an answer or a motion for summary judgment. The United States

therefore has the right to voluntarily dismiss this case without a court order, and it hereby

does so.

Dated: February 26, 2025

Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General

JASON MANION
Counselor to the
Associate Attorney General

ANDREW McCOY WARNER
Deputy Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division

*/s/ Karen D. Woodard*
KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-9878
Karen.Woodard@usdoj.gov

PHILIP A. SELDEN
Acting United States Attorney
District of Maryland

*/s/ Thomas F. Corcoran*
THOMAS F. CORCORAN
Chief, Civil Division
Assistant United States Attorney
District of Maryland
(410) 209-4800
Thomas.Corcoran@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2025, I electronically filed the foregoing

Notice of Voluntary Dismissal using the Court's CM/ECF system, which will send

notification of such filing to all counsel of record.

*/s/ Thomas F. Corcoran*